UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN LEE CHASTAIN,

       Petitioner,                           CASE NO. 09-CV-11916

v.                                          JUDGE PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

THOMAS BIRKETT,

       Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL
(1) DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS,
(2) DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AS MOOT,
AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO
PROCEED *IN FORMA PAUPERIS***

Petitioner Brian Lee Chastain, a state inmate currently incarcerated at the Standish Maximum Correctional Facility in Standish, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. On August 22, 2003, Petitioner pleaded guilty to assault with intent to commit criminal sexual conduct, MICH. COMP. LAWS § 750.520(g)(1), in Berrien County, Michigan, Circuit Court. Following his plea, on September 29, 2003, he was sentenced to twenty-three months to ten years imprisonment for that conviction. Petitioner was sixteen-years-old at the time of the offense; he was waived over from juvenile court to circuit court. In his *pro se* application, he alleges that he had consensual sexual intercourse, during a dating relationship, with a fourteen-year-old girl. For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

**I.    BACKGROUND**

Petitioner did not file a direct appeal because he believed that he was not entitled to appellate counsel, on the basis of the lower court's interpretation of the law at the time, dealing with an

indigent defendant's right to appointed counsel who also pleaded guilty to an offense. Then, in June 2005, the United States Supreme Court in *Halbert v. Michigan*, 545 U.S. 605, 610 (2005), held that, in Michigan, "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Id.* Petitioner subsequently requested appointed counsel, which the lower court granted.

Plaintiff's appointed counsel filed a delayed application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the application for lack of jurisdiction. *People v. Chastain*, No. 276255 (Mich.Ct.App. June 23, 2008). Petitioner then filed an application for leave to appeal that decision in the Michigan Supreme Court, which was denied on June 23, 2008. *People v. Chastain*, 481 Mich. 910 (2008) (Cavanagh, J., would grant leave to appeal, and Kelly, J., would grant leave to appeal for the reasons set forth in her dissenting statement in *People v. Houlihan*, 480 Mich. 1165 (2008)).

On May 20, 2009, Petitioner filed the pending petition for a writ of habeas corpus, raising a single claim:

> I. [Petitioner] is entitled to review of his sentence because the 23-120 month term of imprisonment is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.

**II. ANALYSIS**

**A. Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et. seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

28 U.S.C. § 2254 (d) states:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

On that basis, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.
>
> * * *
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the

"unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409.  The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable.
>
> * * *
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. * * * Under § 2254(d) (1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable.

*Id.* at 410-11.

Additionally, a petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.  *Perez v. Hemingway*, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief.  *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state.  *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)).

### B.     Petitioner's Single Claim–Sentencing Claim

Petitioner argues that the imposition of his term of imprisonment is an abuse of discretion, as the sentence is disproportionate to the circumstances surrounding the offenses and the offender.

According to Petitioner, the Sentencing Guidelines scored him with ten points for his prior record variable, and, in regard to the severity of the circumstances surrounding the offense, he was scored with thirty points for his offense variable level, thus making him a level III offender.  On that basis, the trial judge sentenced Petitioner at the highest end of his sentencing guidelines range.  Petitioner claims that had he been scored just one point less, he would have had a guidelines range of zero to seventeen months, which would have mandated a sentence of no greater than one year in the county jail.  Petitioner contends that his sentence is therefore disproportionate.

There exists no constitutional right to strict proportionality in sentencing.  *Harmelin v. Michigan*, 501 U.S. 957 (1997).  The Eighth Amendment, however, prohibits "extreme sentences that are grossly disproportionate to the crime."  *Id.* at 995.  The Sixth Circuit, in *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir. 1995), held that "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'"  *See also United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994) (holding that, generally, a sentence within statutory limitations does not violate the Eighth Amendment).

Moreover, it is well-established that "'federal habeas corpus relief does not lie for errors of state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ( quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)).  Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law.  It does not implicate any federal rights.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ( "[A] state court's interpretation of state law, including

one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *Adams v. Burt*, 471 F.Supp.2d 835, 844 (E.D. Mich. 2007).

Against that backdrop, the Court concludes that the habeas petition does not present grounds which may establish the violation of a federal constitutional right. Therefore, the Court will dismiss the petition. Petitioner is not entitled to habeas corpus relief regarding this claim.

### III. CONCLUSION

The Court concludes that it plainly appears from the face of the petition that Petitioner is not entitled to habeas corpus relief. The Court therefore denies the petition for writ of habeas corpus. As a result, the Court denies Petitioner's motion for equitable tolling as moot. The Court also declines to issue Petitioner a certificate of appealability.

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310

F.3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte*. *See Dell v. Straub*, 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated, the Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell*, 194 F.Supp.2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *McClain v. Warren*, No. 08-CV-12624, 2008 WL 2605211 *5–6 (E.D. Mich. June 30, 2008) (citing *Alexander v. Harris*, 595 F.2d 87, 91 (2nd Cir. 1979)).

Against that backdrop, the Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell*, 194 F.Supp.2d at 659.

## IV.   ORDER

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability.

**IT IS FURTHER ORDERED** that Petitioner will be **DENIED** leave to appeal *in forma pauperis*.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Equitable Tolling" (Dkt. No. 3) is **DENIED** as moot.

                                                S/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: May 29, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 29, 2009.

                                                S/Denise Goodine
                                                Case Manager